2024 IL App (1st) 230032-U

No. 1-23-0032

Order filed June 14, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 01755 |
| | ) | |
| DEMISKIC DEAR, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1  *Held*:  We affirm the judgment of the circuit court where postconviction counsel provided a reasonable level of assistance pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 2  Defendant, Demiskic Dear, appeals from the second stage dismissal of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). In his petition, Mr. Dear contended, *inter alia*, that his trial counsel was ineffective in failing to use a peremptory challenge to strike a Chicago police officer from the jury. Following a hearing, the circuit court

granted the State's motion to dismiss the petition finding that trial counsel's conduct represented reasonable trial strategy.

¶ 3    On appeal, Mr. Dear contends that his postconviction counsel provided ineffective assistance in failing to raise the issue of appellate counsel's ineffectiveness on direct appeal in order to avoid forfeiture of his claim for ineffective assistance of trial counsel. Mr. Dear also asserts that postconviction counsel provided ineffective assistance where she was not familiar with the record at the hearing on the State's motion to dismiss and could not adequately respond to the circuit court's questions about whether trial counsel used all of her peremptory challenges during jury selection. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 4                                    I. BACKGROUND

¶ 5                                A. Trial and Jury Selection

¶ 6    A full recitation of the facts from Mr. Dear's jury trial can be found in this court's order from Mr. Dear's direct appeal. *People v. Dear*, 2015 IL App (1st) 133408-U. Mr. Dear was charged with armed habitual criminal and aggravated unlawful use of a weapon after a firearm was found in the trunk of the vehicle he was driving following a traffic stop. During jury selection, each side was allowed seven peremptory strikes. After examining the first panel of prospective jurors, each side exercised three peremptory strikes and six jurors were selected. Juror #4 (hereafter referred to as D.G.)[1] was part of the second panel of prospective jurors. D.G. confirmed that he had been a Chicago police officer for six years. When asked by the trial court if Mr. Dear could receive a fair trial from him, D.G. responded, "Yes." The court asked D.G.:

---

[1] See *People v. Manning*, 241 Ill. 2d 319, 322 (2011).

"You're on the job, you're a police officer, people find out that you had jury service over in this building, the jury hears the evidence, they think the right verdict is not guilty verdict, does that cause you any strain in your relationship with the people you work with?"

D.G. responded, "No." D.G. confirmed that he would sign a guilty verdict if the State proved Mr. Dear guilty beyond and reasonable, that he would sign a not guilty verdict if the State was unable to do that, and that he would keep an open mind throughout the trial.

¶ 7    Trial counsel moved to strike D.G. for cause because she did not believe that he could be unbiased in this case because he was Chicago police office. The court denied the motion finding that D.G. stated that he could be fair. The court noted that it had police officers serve on the jury before, and the jury returned a not guilty verdict on two of those occasions. The court observed that it had asked D.G. if serving on the jury would cause any strain with his coworkers and D.G. "laughed."

¶ 8    At trial, two police officers testified about the traffic stop and their subsequent discovery of the firearm and questioning of Mr. Dear. Mr. Dear, who did not have a valid firearm owner's identification (FOID) card, told the officers that he did not know who the gun belonged to. Melinda Cannon, Mr. Dear's girlfriend, testified on his behalf that she placed the gun in the vehicle's trunk after she observed some children playing with it at the park. Ms. Cannon, who had a valid FOID card, intended to turn the gun over to the police, but she forgot it was in the trunk and did not tell Mr. Dear about the gun. At the close of evidence, the jury found Mr. Dear guilty of armed habitual criminal and aggravated unlawful use of a weapon and the trial court sentenced him to 17 years' imprisonment.

¶ 9     This court affirmed Mr. Dear's conviction and sentence on direct appeal over his claim that his trial counsel was ineffective in advancing a legally non-viable defense and effectively conceding his guilt. *Dear*, 2015 IL App (1st) 133408-U.

¶ 10                    B. Postconviction Proceedings

¶ 11    On October 17, 2016, Mr. Dear filed a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401(f) (West 2016)). In his petition, Mr. Dear raised claims of ineffective assistance of trial counsel and prosecutorial misconduct. Mr. Dear also contended that the trial court erred in denying trial counsel's request to strike D.G. because he was a Chicago police officer. The circuit court appointed counsel to represent Mr. Dear and subsequently granted Mr. Dear's request to treat the 2-1401 petition as a petition under the Act.

¶ 12    Appointed counsel[2] filed a supplemental postconviction petition on Mr. Dear's behalf. The supplemental petition focused on the issue of trial counsel's request to strike D.G. from the jury. During jury selection, trial counsel argued that she did not believe D.G. could be fair because he had friends who were Chicago police officers. Postconviction counsel noted that after the trial court denied the motion to dismiss D.G. for cause, trial counsel did not use any of her remaining peremptory challenges to strike him. Postconviction counsel contended that trial counsel's failure to use her peremptory challenge to strike D.G. constituted ineffective assistance of counsel. Postconviction counsel further asserted that Mr. Dear was prejudiced by this deficient performance

---

[2]We note that multiple attorneys represented Mr. Dear throughout the postconviction proceedings. His initial appointed counsel from the Public Defender's office was transferred to another division and another Public Defender was appointed to represent him. Mr. Dear then retained a private attorney to represent him. That private attorney later withdrew and Mr. Dear retained a second private attorney to represent him. The second private attorney also withdrew and the Public Defender was reappointed.

because there was a reasonable probability that D.G. could influence the jury and cause them to give more weight to the police officers' testimonies.

¶ 13　The State filed a motion to dismiss Mr. Dear's petition and the supplemental petition. With regard to the claim that trial counsel was ineffective in failing to strike D.G., the State argued that Mr. Dear's claim that D.G. was biased was based on "mere suspicion." The State noted that the court questioned D.G. and determined that he could be fair. The State also contended that any claim that the trial court erred during jury selection was forfeited because Mr. Dear did not raise this issue in a motion for a new trial or on direct appeal.

¶ 14　The court held a hearing on Mr. Dear's petition and the State's motion. At the hearing, postconviction counsel informed the court that the claim for relief was that trial counsel was ineffective in failing to use a peremptory challenge to strike D.G. The court asked postconviction counsel if trial counsel had used all of her peremptory challenges. Postconviction counsel responded: "No. This was the fourth juror, so she had all her—she had her challenges available to her." The court asked postconviction counsel whether D.G. was the foreperson of the jury and counsel responded that he was not. The court stated that:

> "I've seen police officers on juries. I've seen a police officer foreperson of a jury that said not guilty happen in my courtroom. I've had numerous—it happens from time to time. I've had quite a few police officers serve as jurors."

The court then asked if trial counsel used all of her peremptory challenges by the end of jury selection. Postconviction counsel stated that he was "not sure," but that trial counsel had peremptory challenges available at the time her motion to strike D.G. for cause was denied.

¶ 15　The court found that that "you cannot fault a lawyer by not using a peremptory challenge just because of a person's occupation, even when it's a police officer and they have to rely on

testimony of other police officers, that wasn't the foreperson." The court noted that the attorneys have a limited number of peremptory challenges and it was possible that there were other people that could have been on the venire that trial counsel was more concerned about than D.G. The court therefore granted the State's motion to dismiss. This appeal follows.

¶ 16    We note that we have jurisdiction to consider the merits of this appeal pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6), and Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 17                                II. ANALYSIS

¶ 18    On appeal, Mr. Dear contends that his postconviction counsel provided unreasonable assistance where counsel failed to amend the postconviction petition to include a claim of ineffective assistance of appellate counsel to avoid forfeiture of the ineffective assistance of trial counsel claim. Mr. Dear also contends that postconviction counsel provided unreasonable assistance where she was unfamiliar with the record at the hearing on the State's motion to dismiss and could not answer the court's question about whether trial counsel had used all of her peremptory challenges during jury selection.

¶ 19                    A. Unreasonable Assistance of Counsel

¶ 20    The Act provides a three-stage mechanism by which a criminal defendant may assert that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2016); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). At the first stage, the circuit court reviews the petition to determine whether the allegations in the petition are frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016). If the court does not summarily dismiss the petition, it must be docketed for further consideration in the second stage. *Id.*; *People v. Addison*,

2023 IL 127119, ¶ 18. At the second stage, the circuit court may appoint counsel to assist an indigent defendant. *Addison*, 2023 IL 127119, ¶ 18.

¶ 21 There is no constitutional right to the assistance of counsel in a postconviction proceeding. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Instead, the postconviction petitioner is entitled to the level of assistance granted by the Act, which the supreme court has determined is a "reasonable" level of assistance. *Addison*, 2023 IL 127119, ¶ 19 (citing *People v. Flores*, 153 Ill. 2d 264, 276 (1992)). This "reasonable" level of assistance is less than that afforded by the federal or state constitutions. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006).

¶ 22 To ensure a reasonable level of assistance, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) requires postconviction counsel to (1) consult with the defendant to ascertain his claims of error, (2) examine the trial court record, and (3) make any amendments to the *pro se* petition that are necessary to adequately present the defendant's contentions. Postconviction counsel can create a rebuttable presumption that he or she provided reasonable assistance by filing a Rule 651 certificate. *People v. Perkins*, 229 Ill. 2d 34, 42, 44 (2007). The defendant may rebut the presumption created by the filing of a certificate by demonstrating, *inter alia*, that postconviction counsel did not make all necessary amendments to the *pro se* petition. *Addison*, 2023 IL 127119, ¶ 21. Necessary amendments include those that are necessary to overcome procedural bars. *Id.* (citing *Perkins*, 229 Ill. 2d at 44).

¶ 23 In this case, postconviction counsel did file a certificate pursuant to Rule 651(c) creating a presumption that she provided reasonable assistance. Mr. Dear maintains, however, that he can overcome that presumption in this case because counsel failed to make necessary amendments to his petition to overcome the procedural bar of forfeiture by alleging that appellate counsel was ineffective in failing to raise the issue of trial counsel's ineffectiveness on direct appeal. Mr. Dear

maintains that the proper remedy for counsel's unreasonable performance is to remand the matter so that counsel can adequately comply with the rule. In support of his contention that remand is required due to postconviction counsel's failure to make necessary amendments to his petition, Mr. Dear primarily relies on the supreme court's decision in *Addison*, 2023 IL 127119.

¶ 24 In *Addison*, the defendant filed a *pro se* postconviction petition alleging 15 constitutional issues, including that his trial counsel rendered ineffective assistance. *Id.* ¶ 7. In 14 of his 15 claims, the defendant alleged that his appellate counsel was deficient in failing to raise the issue on direct appeal. *Id.* The trial court advanced the petition to the second stage of proceedings and appointed counsel to represent the defendant. *Id.* ¶ 8. Postconviction counsel filed an amended petition raising five claims, four of which alleged ineffective assistance of trial counsel. *Id.* Unlike the defendant's *pro se* petition, however, none of the claims in the amended petition asserted that appellate counsel was ineffective in failing to raise the claims on direct appeal. *Id.* Postconviction counsel filed a Rule 651(c) certificate stating that she had complied with the rule. *Id.*

¶ 25 The State filed a motion to dismiss the amended petition, arguing that the defendant's claims were forfeited because they could have been raised on direct appeal. *Id.* ¶ 9. The State asserted that the defendant had failed to challenge appellate counsel's strategic decision to not raise these issues on appeal to avoid forfeiture. *Id.* The court held a hearing on the State's motion to dismiss where the State again argued that the claims in the amended petition could have been raised on direct appeal and that the amended petition did not allege ineffective assistance of appellate counsel. *Id.* ¶ 10. At the hearing, the only questions the trial court judge asked the parties concerned the State's forfeiture argument. *Id.* ¶ 11. The trial court granted the State's motion to dismiss, finding that the defendant was not entitled to a third stage evidentiary hearing because he " 'failed to make a substantial showing of any violation of a Constitutional right.' " *Id.* ¶ 12. The

trial court did not discuss the merits of the defendant's claims either in open court or in its written order. *Id.*

¶ 26 The second district of the appellate court reversed and remanded finding that postconviction counsel's failure to make a routine amendment to the petition to overcome the procedural bar of forfeiture was "patently unreasonable." (Internal quotation marks omitted.) *Id.* ¶ 14 (citing *People v. Addison*, 2021 IL App (2d) 180545, ¶ 28). The State appealed, arguing that the defendant failed to rebut the presumption of reasonable assistance of counsel where postconviction counsel filed a Rule 651(c) certificate. *Id.* ¶ 17. The State also contended that the defendant was not entitled to remand unless he could show he was prejudiced by postconviction counsel's allegedly unreasonable performance. *Id.*

¶ 27 The supreme court first found that postconviction counsel failed to provide the defendant with reasonable assistance where counsel failed to allege any claims of ineffective assistance of appellate counsel in the amended petition. *Id.* ¶¶ 23-24. The court observed that the defendant did make such allegations in his *pro se* petition and therefore it was "faced with the unusual situation in which postconviction counsel, in one significant sense, made the *pro se* petition worse by amending it." *Id.* ¶ 24. The court further noted that the State's motion to dismiss focused on forfeiture, but postconviction counsel never amended the petition to respond to this argument; nor did counsel address the argument when questioned by the trial court at the hearing on the State's motion. *Id.* ¶ 25. The supreme court concluded that it could not find that counsel provided a reasonable level of assistance where she failed to make necessary amendments to the petition to put the claims in their "proper form." *Id.* "Worse than that, she *eliminated* the necessary allegations that defendant had included in the *pro se* petition." (Emphasis in original.). *Id.*

¶ 28 The court then considered whether remand was necessary based on counsel's unreasonable performance. *Id.* ¶ 32. The court found, relying on its decision in *Suarez*, 224 Ill. 2d at 47, that "[b]ecause counsel did not comply with Rule 651(c), our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit." *Id.* ¶ 33 Consistent with *Suarez*, the *Addison* court held that the failure to comply with Rule 651(c) could not be excused on the basis of harmless error. *Id.* (citing *Suarez*, 224 Ill. 2d at 51-52). The court found that remand was appropriate so that postconviction counsel could comply with Rule 651(c). *Id.* ¶ 44.

¶ 29 Mr. Dear contends, as in *Addison*, that postconviction counsel's failure to shape his ineffective assistance of counsel claim into a proper legal form rebuts the presumption that counsel complied with Rule 651(c) and requires remand regardless of the merits of the claim. However, we find that there are key distinctions between the circumstances in this case and those present in *Addison* that render the holding in *Addison* inapplicable here.

¶ 30 First, in *Addison*, the defendant included claims of ineffective assistance of appellate counsel in his *pro se* petition that were removed by postconviction counsel in the amended petition. The State, in its motion to dismiss, then argued that the defendant had forfeited his ineffective assistance of trial counsel claims because the amended petition did not allege the ineffective assistance of appellate counsel. Despite this argument, postconviction counsel did not amend the petition to respond to the State's argument or make the required allegations regarding appellate counsel at the hearing on the State's motion. In this case, by contrast, Mr. Dear did not include a claim for ineffective assistance of appellate counsel in his *pro se* petition that was later removed by postconviction counsel.

¶ 31 More importantly, however, the State did not argue in its motion to dismiss that Mr. Dear had forfeited his claim that trial counsel provided ineffective assistance based on the failure to raise a claim for ineffective assistance of appellate counsel. The State did argue that Mr. Dear had forfeited any claim that the *trial court* erred during the jury selection process because he did not raise the issue in a motion for new trial or on direct appeal. Mr. Dear points out that the State did make a blanket argument in the conclusion of its motion that "[p]etitioner has failed to make a substantial showing that his constitutional rights were violated, and furthermore all of his claims are forfeited and lack support." However, this claim must be viewed in the context of the entire motion where the State argued that Mr. Dear's 2-1401 claims were untimely, and therefore forfeited, that his claims were not properly supported by affidavits, and therefore "procedurally defective," that his claims relating to the trial court's rulings during jury selection had been forfeited, and that his claim relating to improper jury instructions had been forfeited. By contrast, in addressing the ineffective assistance of counsel claim for failing to use a peremptory challenge to strike D.G., the State addressed the merits of the claim, arguing that Mr. Dear could not establish that he was prejudiced by any alleged deficient performance because he could not demonstrate that D.G. was biased.

¶ 32 Mr. Dear nonetheless maintains that the State's arguments are not determinative of whether postconviction counsel was required to amend the petition. Mr. Dear asserts that *Addison* focuses on the responsibilities of postconviction counsel, not the State. However, the distinction is important here because the State's arguments inform whether postconviction counsel was required to amend the petition to respond to an argument of forfeiture. In this case, in contrast with *Addison*, forfeiture did not permeate the proceedings such that postconviction counsel's failure to address it was unreasonable. Unlike in *Addison*, the circuit court here did not ask postconviction counsel

about forfeiture at the hearing on the State's motion and the State did not argue at the hearing that forfeiture was warranted. Instead, the State contested the merits of the claim and the circuit court addressed the merits. The circuit court determined that trial counsel's decision not to use a peremptory challenge to strike D.G. was a matter of trial strategy. Matters of trial strategy are generally immune from claims of ineffective assistance. *People v. Smith*, 195 Ill. 2d 179, 188 (2000). The court therefore granted the State's motion to dismiss on that basis.

¶ 33    In contrast, in *Addison*, the State argued that remand was not required because the circuit court dismissed the defendant's petition on the merits, rather than on the basis of forfeiture. *Addison*, 2023 IL 127119, ¶ 39. The supreme court rejected this argument, finding that it was not possible to discern from the record that forfeiture did not play a part in the circuit court's decision. *Id.* ¶ 40. The supreme court noted that the circuit court did not indicate in either its oral pronouncement or its written order why the defendant's claim lacked merit. *Id.* The circuit court did, however, ask defense counsel why the claims raised in the petition could not have been raised on direct appeal. *Id.* When defense counsel could not answer the question, the court stated, " '[e]verything that has been presented by way of the amended [postconviction petition] are arguments that I believe could have been made on direct appeal.' " *Id.* The supreme court determined that although the trial court did not explicitly state that it was dismissing the petition on forfeiture grounds, "it is clear from the record that the trial court ruled on the petition under the belief that all of the claims could have been made on direct appeal and there was no allegation of ineffective assistance of appellate counsel in the petition." *Id.*

¶ 34    Part of the rationale underlying the holdings in *Addison* and Suarez is that the reviewing courts should not usurp the role of the circuit court by deciding matters that should be decided in the " 'first instance' " by the circuit court. *Id.* ¶ 33 (quoting *Suarez*, 224 Ill. 2d at 51-52). That is,

this court should not address the merits of the defendant's claims to determine whether the defendant was prejudiced where the circuit court was deprived of the opportunity to analyze the merits of the petition because counsel's unreasonable performance in neglecting to make necessary amendments to the petition prevented the circuit court from reaching the merits. This consideration is not present in this case because, as discussed, the circuit court here had the opportunity to address the merits of Mr. Dear's claim in the "first instance," and there is no indication forfeiture played a role in its ruling. We can think of no sound basis to remand this matter to the circuit court so that postconviction counsel can amend the petition to address a procedural argument that was not raised by the State or considered by the circuit court, resulting in the circuit court entering the same ruling based on the claim's lack of merit. Accordingly, we find the circumstances in *Addison* distinguishable from the case at bar, and find that Mr. Dear has not overcome the presumption that counsel provided reasonable assistance.

¶ 35   Finally, Mr. Dear contends that postconviction counsel provided unreasonable assistance because she was unfamiliar with the record of the trial proceedings as evidenced by her inability to correctly recall how many peremptory challenges trial counsel used during jury selection. Mr. Dear points out that counsel could not answer the court's questions about whether trial counsel used all of her peremptory challenges by the end of jury selection. Mr. Dear notes that the record shows that trial counsel used only three of her seven challenges, and that postconviction counsel's unfamiliarity with the record prejudiced him because counsel could have rebutted the court's determination that trial counsel elected to not use a peremptory challenge on D.G. because she was more concerned about other prospective jurors.

¶ 36   At the hearing on the State's motion to dismiss the petition, the court asked postconviction counsel whether trial counsel had peremptory challenges available to strike D.G. Postconviction

counsel responded that she did because D.G. was the fourth juror and trial counsel had seven total peremptory challenges available. The court then asked postconviction counsel whether trial counsel used all of her challenges by the end of jury selection. Counsel responded that he was not sure. The court then asked the assistant State's attorney (ASA) if he knew the answer, and the ASA responded, "I'm looking, Judge. I don't see any proof of that yet." The court acknowledged that trial counsel had peremptory challenges available and that trial counsel moved to strike D.G. for cause, but found that:

> "I don't think *** that you can fault a lawyer by not using a peremptory challenge just because of a person's occupation, even when it's a police officer and they have to rely on testimony of other police officers, that wasn't the foreperson, that by itself—you know that you have a limited amount of peremptory challenges and there are other people that could be on the venire that the lawyer would have much more concern about than this particular person, which apparently they found acceptable—I don't think that's grounds to upset a conviction."

¶ 37    Thus, the record shows that postconviction counsel argued that trial counsel had peremptory challenges available, that she could have used a peremptory challenge to strike D.G., and that trial counsel was ineffective in failing to do so where she had demonstrated her concern about D.G. when she moved to strike him for cause. Although postconviction counsel did not know whether trial counsel ultimately used all of her peremptory challenges by the end of jury selection, the key element underlying the ineffective assistance of counsel claim was that trial counsel had peremptory challenges available to strike D.G., which postconviction counsel sufficiently argued. The circuit court nonetheless granted the State's motion to dismiss, finding that trial counsel's decision not to use a peremptory challenge was a matter of trial strategy and the court would not

find prejudice simply because D.G. was a police officer. On this record, we cannot say that Mr. Dear has rebutted the presumption that postconviction counsel provided a reasonable level of assistance.

¶ 38    We further find unpersuasive the authority Mr. Dear cites in support of his argument that postconviction provided unreasonable assistance based on his unfamiliarity with the record. First, *People v. Knight*, 2020 IL App (1st) 170550, ¶¶ 30-32 involved counsel's performance at a third stage evidentiary hearing. The supreme court has instructed that a comparison between cases considering unreasonable assistance claims at the third stage and the second stage is "illogical" because Rule 651(c) governs counsel's duties at the second stage while the third stage is governed by a different standard. *Addison*, 2023 IL 127119, ¶ 38. Nonetheless, in *Knight*, this court had previously remanded the cause for a third stage evidentiary hearing where postconviction counsel failed to provide the circuit court with "key facts" from the defendant's retrial and resentencing. *Knight*, 2020 IL App (1st) 170550, ¶ 45 (citing *People v. Knight*, 2014 IL App (1st) 122931-U, ¶ 33). The court specifically instructed postconviction counsel to present these facts to the circuit court at the hearing. *Id.* Nevertheless, on remand, postconviction counsel again failed to argue these key facts, rendering the prior remand " 'illusory.' " *Id.* ¶ 46. Therefore, unlike postconviction counsel in *Knight* who failed to argue the salient facts underlying the defendant's postconviction claims, counsel here sufficiently argued the "key facts" that trial counsel had peremptory challenges available to strike D.G., but did not use them.

¶ 39    In *People v. Kelly*, 2012 IL App (1st) 101521, ¶ 40, this court remanded for further second stage proceedings where the defendant's petition had been pending for nearly 12 years. The court observed that the defendant's privately retained attorney "either lacked basic knowledge of the Act or fundamentally misunderstood it" where he asked at a hearing whether the petition was at the

second stage of proceedings and what the proper standard of review was at that stage. *Id.* Counsel also failed to attach necessary exhibits and affidavits to the amended petition and failed to cite controlling United States Supreme Court precedent to support the defendant's claims. *Id.* ¶¶ 31-32. Under these circumstances, this court found that postconviction counsel failed to shape the defendant's claims into the proper legal form and provided an unreasonable level of assistance under Rule 651(c). *Id.* ¶ 41. In this case, the record shows that postconviction counsel did not lack basic knowledge of the Act, ably argued in support of the ineffective assistance of trial counsel claim, and did not neglect Mr. Dear's petition for more than a decade.

¶ 40    Likewise, in *People v. Johnson*, 2022 IL App (1st) 190258-U, ¶ 38 and *People v. Atkins*, 2022 IL App (1st) 200302-U, ¶ 27 postconviction counsels failed to attach necessary records, affidavits, and other documents to the petition. In *Johnson*, the record also demonstrated "[b]ased on counsel's pleadings, statements, unreasonable delays, and general performance throughout, it is quite apparent that counsel was not familiar with the record or the basic requirements of the Act." *Johnson*, 2022 IL App (1st) 190258-U, ¶ 38. In *Atkins*, the record demonstrated that postconviction counsel was "inexperienced at postconviction proceedings," informing the court that he was "new at this" and was unfamiliar with what "docketing" the petition meant. *Atkins*, 2022 IL App (1st) 200302-U, ¶ 27 n. 4. In this case, as discussed, there is no suggestion that postconviction counsel failed to attach required documents to the petition and the record shows that counsel was familiar with the record and the basic requirements of the Act.

¶ 41    Finally, in *People v. Barmore*, 2022 IL App (2d) 200449-U, ¶ 55, postconviction counsel omitted "key allegations" from the amended petition and failed to attach readily available affidavits. He also raised a claim that was barred by *res judicata*. *Id.* Under these circumstances, the second district questioned the adequacy of counsel's review of the record. *Id.* In this case,

postconviction counsel did not omit key allegations and did not fail to attach any supporting documentation. Counsel also did not raise a claim that was precluded by *res judicata*. Accordingly, we find the authority cited by Mr. Dear unpersuasive and find that postconviction counsel provided a reasonable level of assistance under Rule 651(c).

¶ 42                                    III. CONCLUSION

¶ 43     For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 44     Affirmed.