2025 IL App (1st) 231232-U

No. 1-23-1232

Order filed April 25, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 15798 |
| | ) | |
| NICHOLAS ANDERSON, | ) | Honorable |
| | ) | Marc W. Martin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's third-stage denial of defendant's post-conviction petition is affirmed where post-conviction counsel provided reasonable assistance.

¶ 2    Defendant Nicholas Anderson appeals the circuit court's grant of the State's motion for a directed finding after a third-stage evidentiary hearing under the Post-Conviction Hearing Act. 725 ILCS 5/122-1 *et seq.* (West 2022). The issue on appeal is whether Anderson's post-conviction counsel provided unreasonable assistance by failing to fully examine the record of proceedings and failing to adequately present Anderson's ineffective assistance of plea counsel claim. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    In August 2013, the State charged defendant Nicholas Anderson in a ten-count indictment arising from a home invasion. In March 2014, Anderson's plea counsel requested a plea conference pursuant to Illinois Supreme Court Rule 402. Ill. S. Ct. R. 402 (eff. July 1, 2012). After the conference, plea counsel stated that the parties had reached an agreement. Anderson pleaded guilty to home invasion while armed with a dangerous weapon other than a firearm (720 ILCS 5/19-6(a)(1) (West Supp. 2013)), armed robbery with a dangerous weapon other than a firearm (720 ILCS 5/18-2(a)(1) (West 2012)), and aggravated kidnapping armed with a dangerous weapon other than a firearm (720 ILCS 5/10-2(a)(5) (West 2012)). The State agreed to drop the firearm elements from these counts and enter a *nolle prosequi* for the remaining seven counts. Pursuant to the plea agreement, the circuit court sentenced Anderson to 16 years of imprisonment with a mandatory three years of supervised release. In the plea colloquy, Anderson stated that he understood the plea agreement, that no one forced or threatened him to plead guilty, and that he was "satisfied with [plea counsel] as [his] lawyer." Anderson's parents and sisters were present at the hearing. In October 2014, Anderson's *pro se* late notice of appeal was denied.

¶ 5    In 2020, Anderson filed a *pro se* "Leave to File Motion to Withdraw Guilty Plea/Reconsideration." Anderson alleged that during the 2014 hearing, after the plea conference, his plea counsel told him that he had discussed the proposed plea deal with Anderson's family members and that they believed that Anderson should take the State's offer. However, when Anderson spoke with his family after he pleaded guilty, they told Anderson that they had never discussed the plea agreement with plea counsel. Anderson alleged that without his plea counsel's misrepresentation that Anderson's family wanted him to take the plea deal, he would not have

pleaded guilty and that his counsel had therefore provided him with ineffective assistance. Anderson attached affidavits from himself, his father, and his sisters. Anderson also filed a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)) in which he alleged that his sentence violated the proportionate penalties clause of the Illinois Constitution and the "separation of powers."

¶ 6 The circuit court admonished Anderson pursuant to *People v. Shellstrom*, 216 Ill. 2d 45 (2005), after which Anderson agreed to recharacterize his filings as a petition under the Post-Conviction Hearing Act. The circuit court moved the case to the second stage of post-conviction proceedings and appointed Anderson with post-conviction counsel. Post-conviction counsel certified that she had fulfilled her obligations as post-conviction counsel under Illinois Supreme Court Rule 651(c). Ill. S. Ct. R. 651(c) (eff. July 1, 2017). In her Rule 651(c) certificate, she stated that she had not made any amendment to Anderson's *pro se* petition for relief from judgment because she did not "believe any amendments [were] necessary for an adequate presentation of petitioner's contentions."

¶ 7 In 2022, post-conviction counsel filed a supplemental post-conviction petition regarding Anderson's ineffective assistance of counsel claim. Post-conviction counsel also filed a supplemental Rule 651(c) certificate in which she certified that she had consulted with Anderson "by phone, mail, electronic means or in person to ascertain his contentions of deprivation of constitutional rights," that she had "reviewed [Anderson's] records presided over by the Honorable Judge Martin, including but not limited to reviewing relevant transcripts" and "reviewed defense counsel's trial file, as well as, spoken to trial counsel," and that she had "determined that a Supplemental Post-Conviction Petition is necessary for an adequate presentation of [Anderson's]

contentions of deprivation of his constitutional rights." The State waived its right to respond and agreed to a third-stage evidentiary hearing.

¶ 8    At the third-stage hearing, Anderson, his father, and one of his sisters testified. The State then moved for a directed finding. Post-conviction counsel filed a written response to the State's motion. On July 3, 2023, the circuit court entered a written order granting the State's motion for a directed finding on all claims and denying post-conviction relief. This timely appeal followed. Ill. S. Ct. R. 606 (eff. Mar. 12, 2021).

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, Anderson contends that his post-conviction counsel did not provide him with a reasonable level of assistance. There is no constitutional right to counsel in proceedings under the Post-Conviction Hearing Act. *People v. Huff*, 2024 IL 128492, ¶ 21. The Act entitles petitioners to reasonable assistance of counsel, which is "a standard that is significantly lower than the one mandated at trial by our state and federal constitutions." *People v. Custer*, 2019 IL 123339, ¶ 30. The Illinois Supreme Court Rules provide three requirements to ensure the reasonable assistance of post-conviction counsel. Ill. S. Ct. R. 651(c). First, counsel must consult "with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights." *Id.* Second, counsel must examine "the record of the proceedings at the trial." *Id.* Third, counsel must make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." *Id.* "Counsel's certification that he or she complied with those duties creates a rebuttable presumption that counsel provided the petitioner with a reasonable level of assistance, absent an affirmative showing otherwise in the record." *People v. Agee*, 2023 IL 128413, ¶ 43.

¶ 11    The petitioner bears the burden of overcoming this presumption by showing that post-conviction counsel did not substantially comply with the duties mandated by Rule 651(c). *People v. Addison*, 2023 IL 127119, ¶ 21. If post-conviction counsel failed to substantially comply with his or her duties under Rule 651(c), then remand is required " 'regardless of whether the claims raised in the petition had merit.' " *Id.* ¶ 33 (quoting *People v. Suarez*, 224 Ill. 2d 37, 47 (2007)). The question of whether post-conviction counsel fulfilled her duties under Rule 651(c) is reviewed *de novo*. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13.

¶ 12    Anderson's post-conviction counsel filed a Rule 651(c) certificate; therefore, we must presume that counsel provided reasonable assistance. However, Anderson contends that the Rule 651(c) certificates his post-conviction counsel filed do not create a presumption of reasonable assistance because they are facially deficient, since they fail to satisfy Rule 651(c)'s requirement that counsel examines "the record of the proceedings at the trial." Ill. S. Ct. R. 651(c). In both certificates, post-conviction counsel stated that she had "reviewed [Anderson's] records presided over by the Honorable Judge Martin, including but not limited to reviewing relevant transcripts" and "reviewed defense counsel's trial file, as well as, spoken to trial counsel." Anderson argues that this language is inadequate because Judge Fecarotta, not Judge Martin, presided over the March 2014 plea proceedings, and that therefore post-conviction counsel failed to certify that she had reviewed the 2014 plea transcript. Anderson also contends that there is no indication that post-conviction counsel reviewed the common law record pertaining to his plea.

¶ 13    Post-conviction counsel need not "examine the entirety of a petitioner's trial proceedings" to substantially comply with Rule 651(c), but only "as much of the transcript of proceedings as is necessary to adequately present and support those constitutional claims raised by the petitioner."

*People v. Davis*, 156 Ill. 2d 149, 164 (1993). At a hearing on June 25, 2021, post-conviction counsel informed the circuit court that she "had the opportunity to review [the] record," had "physically picked up the trial file last week," and had spoken with Anderson's plea counsel. She then told the circuit court that she was still waiting to receive the March 2014 plea transcript. At a hearing on October 15, 2021, she stated that she had a copy of the transcript in her possession and offered to share it with the State. The record shows that post-conviction counsel reviewed the record and had a copy of the March 2014 plea transcript in her possession well before she filed her supplemental post-conviction petition and Rule 651(c) certificate on June 23, 2022.

¶ 14    Additionally, while Anderson argues that the record does not establish the contents of plea counsel's "trial file," Rule 651(c) does not require post-conviction counsel to list each document from the common law record she examines; substantial compliance is sufficient. *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008); *People v. Landa*, 2020 IL App (1st) 170851, ¶¶ 48-49 (holding that a Rule 651(c) certificate need not mirror the rule's exact language so long as post-conviction counsel substantially complied with the rule's requirements); *People v. Wells*, 2024 IL App (5th) 200324-U, ¶ 28 ("Rule 651(c) contains no requirement that postconviction counsel list the specific transcripts or report of proceeding reviewed and the defendant fails to cite to any precedent that requires postconviction counsel to list all records examined."). The record shows that post-conviction counsel substantially complied with her duty under Rule 651(c) to examine "the record of the proceedings at the trial." Ill. S. Ct. R. 651(c).

¶ 15    Next, Anderson argues that his post-conviction counsel provided unreasonable assistance because she failed to satisfy her duty under Rule 651(c) to make any amendments "necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c). Specifically, Anderson

contends that post-conviction counsel failed to adequately present his ineffective assistance of plea counsel claim. An ineffective assistance of counsel claim is generally governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984). Under this test, a defendant must show that "his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's deficient performance." *People v. Brown*, 2017 IL 121681, ¶ 25. "Counsel's conduct is deficient under *Strickland* if the attorney failed to ensure that the defendant entered the plea voluntarily and intelligently." *People v. Rissley*, 206 Ill. 2d 403, 457 (2003). "To establish prejudice in the guilty plea context, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *People v. Valdez*, 2016 IL 119860, ¶ 29; *Brown*, 2017 IL 121681, ¶ 26. However, "[a] conclusory allegation that a defendant would not have pleaded guilty and would have demanded a trial is insufficient to establish prejudice." *Valdez*, 2016 IL 119860, ¶ 29. Instead, for an ineffective assistance claim related to "a defendant's understanding of the consequences of pleading guilty," a defendant must show that a decision to reject the plea bargain would have been rational under the circumstances. *Brown*, 2017 IL 121681, ¶¶ 42-48; *Valdez*, 2016 IL 119860, ¶ 29.

¶ 16    Anderson's post-conviction claim was that his plea counsel provided him with ineffective assistance because he lied to Anderson by telling him that he had spoken with Anderson's family and that they wanted him to accept the plea bargain, which caused Anderson to plead guilty. To prevail on his claim, Anderson needed to show that his decision to reject the plea bargain and go to trial would have been rational under the circumstances. *Brown*, 2017 IL 121681, ¶ 48; *Valdez*, 2016 IL 119860, ¶ 29. Anderson contends that his post-conviction counsel failed to make this

argument, and only argued that if Anderson had "known the truth at the time, that his family was unaware of the terms of the offer and never stated he should accept the offer, he would not have entered a plea of guilty and would have insisted on proceeding to trial." During the third-stage hearing, post-conviction counsel argued that had Anderson "known the statements made by [plea counsel] were not in fact true, he would have never entered a plea and he would have insisted on going to trial."

¶ 17    Anderson fails, however, to rebut the presumption that post-conviction counsel provided him with reasonable assistance because nothing that counsel allegedly failed to do prevented Anderson's claims from being adjudicated on the merits. See *People v. Dear*, 2024 IL App (1st) 230032-U, ¶ 34 (holding that defendant failed to overcome the presumption that post-conviction counsel provided reasonable assistance where "the circuit court *** had the opportunity to address the merits of [defendant's] claim in the 'first instance' "). The circuit court held an evidentiary hearing and denied post-conviction relief. After hearing the testimony of Anderson and his family members in the third-stage hearing, the circuit court found that Anderson's claim was not credible:

> "As the Illinois Supreme Court held in *Brown*, *Valdez*, and *Hughes*, a conclusory allegation that the defendant would not have pleaded guilty, and would have gone to trial, is insufficient to establish prejudice. In this case, this is all that has been shown. Petitioner has not articulated any prejudice beyond stating had his lawyer truthfully advised him about his family members' views of a guilty plea, he would not have pled guilty.

> ***

> Petitioner has not cited any evidence, contemporaneous with his guilty plea, suggesting he had this mindset. The record discloses the following:

- Petitioner did not voice any hesitancy during the thorough guilty plea admonishments. (The admonishments are not contested, and the trial judge made an express voluntariness finding.)

- Petitioner did not request a continuance to discuss the results of the 402 conference with his family, or mother. [Footnote omitted.]

- Petitioner did not inform the court he was pleading guilty because his family supported that decision.

- Although petitioner claimed to have learned of his mother's dissatisfaction the evening of the guilty plea, he did not make any efforts to withdraw the guilty plea, or communicate any issues to Judge Fecarotta – in spite of thorough appellate admonishments.

- In stating reasons for the late notice of appeal, the petitioner did not make allegations about his family's views *vis-à-vis* the guilty plea, or his trial lawyer's representations.

Apart from a *post hoc* complaint that the sentence is too long, the petitioner does not identify any *consequence* from the guilty plea prompting his present vacatur request."

(Emphasis in original.)

¶ 18    Further, the circuit court concluded that, based on the plea deal's terms and the lack of any grounds for a meritorious defense at trial, Anderson could not show that a decision to reject the plea deal would have been rational:

"Under *Padilla v. Kentucky*, 559 U.S. 356 (2010), as well as *Valdez* and *Brown*, for a guilty plea defendant to obtain relief based on counsel's misadvice, the defendant must show that a decision to reject the plea bargain would have been rational under the circumstances.

Here, the petitioner garnered significant benefit from the negotiated plea deal. The state dismissed three Class X counts that included the allegation that defendant had committed the offense while armed with a firearm. Conviction on any such count would

have resulted in adding 15 years to the prison sentence, meaning a mandatory minimum sentence of 21 years in prison. [Citation]. In addition, the plea agreement contemplated concurrent sentences. [Citation]. Even under the counts to which the petitioner pled guilty, the sentence was 14 years under the maximum.

Further, the petitioner has not identified any grounds for a meritorious defense had he gone to trial. The state's case was strong. In addition to the factual basis discussed above, police recovered the mask and clothing the defendant had worn, and the petitioner made a statement to the police. If he had gone to trial, the petitioner likely would have been convicted and sentenced to more than 16 years.

In view of the very serious and violent nature of the charged offenses, and the state's agreement to dismiss multiple counts carrying 21-year mandatory prison sentences upon conviction, the petitioner, despite his age at the time of the offenses, has failed to show 'that a decision to reject his plea bargain would have been rational.' *Brown*, 2017 IL 121681, ¶ 52."

¶ 19    Where the record demonstrates that the circuit court fully addressed Anderson's ineffective assistance of counsel claim on the merits, Anderson cannot show that his post-conviction counsel failed to make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c); *People v. Williams*, 2025 IL 129718, ¶ 46 ("Postconviction counsel did not perform unreasonably in this case simply because his arguments were without merit [citation] or because he was unable to make the petition's allegations factually sufficient to require the granting of relief [citation]."). Further, Anderson has not identified any arguments that post-conviction counsel could have made to show that a decision to

reject the plea deal would have been rational under the circumstances. *Williams*, 2025 IL 129718, ¶ 47 ("[N]othing in the record before this court suggests that there are other facts or arguments counsel could have added to the postconviction petition. The appellate court erred in assuming that such facts or arguments existed.").

¶ 20 Finally, while Anderson argues that the Illinois Supreme Court's holding in *Addison* requires a remand, *Addison* only applies where post-conviction counsel fails to substantially comply with his or her duties under Rule 651(c). *Addison*, 2023 IL 127119, ¶ 21. Additionally, part of the rationale underlying the Illinois Supreme Court's holding in *Addison* was "that the reviewing courts should not usurp the role of the circuit court by deciding matters that should be decided in the 'first instance' by the circuit court." (Internal quotation marks omitted.) *Dear*, 2024 IL App (1st) 230032-U, ¶ 34. This consideration is not present here because the circuit court addressed the merits of Anderson's ineffective assistance claim: the circuit court took evidence, made credibility findings, and addressed the post-conviction claim fully on its merits. Because Anderson has failed to rebut the presumption that his post-conviction counsel provided him with reasonable assistance, the circuit court's denial of Anderson's request for post-conviction relief is affirmed.

¶ 21                                    III. CONCLUSION

¶ 22 The judgment of the circuit court of Cook County is affirmed.

¶ 23 Affirmed.