2025 IL App (1st) 231640-U

SECOND DIVISION
June 3, 2025

No. 1-23-1640

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 12502 |
| | ) | |
| TOYIOUS TAYLOR, | ) | Honorable |
| | ) | Timothy Joseph Joyce, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Van Tine specially concurred in the judgment.
Justice McBride concurred in the judgment.

ORDER

¶ 1    *Held*:   We vacate the judgment of the circuit court of Cook County granting the State's motion to dismiss defendant's petition for postconviction relief; the *pro se* petition filed by defendant alleged that his arrest was illegal and alleged unreasonable assistance of appellate counsel for failure to argue the illegal arrest on direct appeal; postconviction counsel rendered unreasonable assistance when counsel replaced the *pro se* petition with an amended petition which expanded on the unlawful arrest allegations but rendered the petition subject to the procedural bar of forfeiture because postconviction counsel failed to allege ineffective assistance of appellate counsel. We are required to remand this case for postconviction counsel to comply with Illinois Supreme Court Rule 651(c) regardless of whether defendant's postconviction claim lacks merit.

¶ 2    Following a jury trial the circuit court of Cook County convicted defendant, Toyious Taylor, of first degree murder for the death of Thomas Wortham IV and felony murder for the death of Brian Floyd, a co-offender in the acts leading to Wortham IV's death. *People v. Taylor*, 2017 IL App (1st) 150726-U, ¶ 2 (*Taylor I*). The trial court sentenced defendant to a mandatory

term of natural life imprisonment. This court affirmed defendant's conviction on direct appeal. *Taylor I*, 2017 IL App (1st) 150726-U, ¶ 47. Defendant filed a *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2018)) and a supplemental petition. The petition advanced to the second stage of postconviction proceedings because the trial court failed to review the petition within 90 days. 725 ILCS 5/122-2.1 (West 2018). The trial court appointed counsel to represent defendant and postconviction counsel filed an amended petition that omitted defendant's claims of ineffective assistance of appellate counsel on direct appeal. The State filed a motion to dismiss the amended petition. Following a hearing the trial court granted the motion to dismiss.

¶ 3        For the following reasons, we vacate the dismissal and remand for further second stage proceedings.

¶ 4                                        BACKGROUND

¶ 5        We previously set forth the evidence adduced at defendant's trial in *Taylor I*. The only facts relevant to this appeal are that, at approximately 11:30 p.m. on May 19, 2010, Chicago Police Department Officer Thomas Wortham IV was murdered. At approximately 4:00 a.m. the following morning, police showed Thomas Wortham III, the victim's father and an eyewitness to the murder, a photo array. Thomas Wortham III identified defendant as the driver of a car involved in the murder. At approximately 4:44 a.m., the Chicago Police Department issued an "investigative alert" for defendant. At approximately 9:00 p.m. that night, a police officer executed a traffic stop of a vehicle in which defendant was a passenger. The officer had learned of the investigative alert for defendant several hours earlier at roll call. The officer performed a warrantless arrest of defendant pursuant to the investigative alert.

¶ 6    Following a jury trial, the circuit court of Cook County convicted defendant of first degree murder and felony murder predicated on attempt (armed robbery) and sentenced defendant to natural life imprisonment.

¶ 7    On April 24, 2019, defendant filed a *pro se* petition for postconviction relief. Defendant's *pro se* petition stated several claims, none of which remain relevant in this appeal. On September 11, 2019, defendant, acting *pro se*, filed a motion to supplement defendant's original *pro se* petition. The motion to supplement incorporated "all of the claims contained in [defendant's] original post-conviction petition" and alleged additional claims "based upon a recent Illinois Appellate Court decision in *People v. Bass, 2019 IL.App.(1st) 160640.*" Defendant argued that *Bass* supports defendant's claim in the supplemental petition that the trial court abused its discretion in denying defendant's motion to quash arrest. (Defendant had not included this claim in the original petition.) Defendant's supplemental petition argued that defendant's warrantless arrest pursuant to an "investigative alert" violated defendant's rights under article I, section 6 of the Illinois constitution (Ill. Const. 1970, art. I, § 6). The supplement also argued that, "The [defendant] received ineffective assistance of [trial] and appellate counsels; Trial counsel failed or refused to include the denial of the motion to quash arrest in the motion for a new trial; Appellate counsel when s/he failed or refused to include the illegal arrest in [defendant's] direct appeal petition."

¶ 8    On October 25, 2019, at a status hearing on defendant's motion to supplement the original *pro se* postconviction petition, the trial court advanced the petition and supplemental petition to second stage postconviction proceedings because the 90-day period in which to determine whether the petitions are frivolous or patently without merit had passed without the

court reviewing the petitions. 725 ILCS 5/122-2.1 (West 2018). The court appointed counsel to represent defendant.

¶ 9    On May 1, 2023, defendant's postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Jul. 1, 2017). The May 1, 2023, 651(c) certificate stated that counsel would be filing a supplemental petition to adequately present defendant's claims; and on May 1, counsel filed a supplemental petition for postconviction relief. The supplemental petition counsel filed adopted the arguments defendant made in the original, *pro se* postconviction petition and supplemental *pro se* petition. Substantively, postconviction counsel's supplemental petition argued defendant's claim that the warrantless arrest violated the Illinois constitution. Postconviction counsel's supplemental petition did not argue that defendant's direct appeal counsel was ineffective for failing to raise the issue of the warrantless arrest on direct appeal (despite the fact defendant's trial counsel raised the issue in a posttrial motion—which only stated, "The court erred in denying the defendant's Motion to Quash Arrest and Suppress Evidence.").

¶ 10    On May 3, 2023, postconviction counsel informed the trial court that counsel would not be able to proceed with the other claims raised in the original *pro se* petition because of an uncooperative witness, and "the only claim I am proceeding on at this point is the warrantless arrest claim." The trial court stated its interest in bringing defendant to court to advise defendant of postconviction counsel's intentions and to confirm whether postconviction counsel's supplemental petition would supplant defendant's *pro se* petitions or whether the court would consider counsel's petition in conjunction with defendant's petitions. The parties agreed to the procedure suggested by the trial court.

¶ 11    On June 5, 2023, defendant appeared in court. The trial court admonished defendant that postconviction counsel stated their inability to move forward on defendant's postconviction claims other than the warrantless arrest claim without an affidavit or testimony from a witness and whether defendant understood that problem. Defendant indicated an understanding and stated counsel had discussed the matter with defendant previously. At that point, postconviction counsel orally moved to strike the language in counsel's supplemental petition adopting defendant's original and supplemental *pro se* petitions and to treat counsel's supplemental petition as an amended postconviction petition. The trial court explained to defendant that postconviction counsel's petition would be "the sole petition we will be moving forward on in connection with your claim on the Postconviction Hearing Act." The court explained that anything defendant said in defendant's *pro se* petitions will not be considered and the only claim that would be considered would be the claim in postconviction counsel's petition. The court stated, "That's essentially the claim regarding the warrantless arrest and that violated the constitution and entitles you to postconviction relief." Defendant indicated understanding and agreed to postconviction counsel proceeding in that way. At that time, the State indicated it would subsequently file its answer or motion to dismiss.

¶ 12    On June 21, 2023, the State filed a motion to dismiss defendant's petition for postconviction relief. Although the trial court implied at the June 5, 2023, hearing that the State would file its motion in light of the proceeding moving forward on postconviction counsel's petition only, the State's motion stated that the motion "addresses the issues raised in the *pro se* pleading and the Supplemental." With regard to the *pro se* pleading, the State argued the petition was untimely; the allegations of ineffective assistance of trial counsel, which did not relate to the motion to quash arrest and suppress evidence, lacked evidentiary support, could have been raised

on direct appeal (specifically referring to a claim that trial counsel failed to object to the trial court's admonishments to the jury), and failed to establish prejudice; and the allegation of ineffective assistance of appellate counsel for failing to raise the issues referenced above on appeal failed to establish prejudice.

¶ 13   The State's motion to dismiss separately argued that defendant's "allegation of an unconstitutional stop based on an investigative alert is baseless." The motion argued that defendant's case is factually dissimilar to the authority on which defendant relies (*People v. Smith*, 2022 IL App (1st) 190691) and there was a split of authority in the First District on the issue. The State's motion argued that because of the split of authority in its appellate district the trial court was "free to review the investigative alert issue on the merits of this case" and argued that the facts of this case "support the constitutionality of the investigative alert used" for defendant.

¶ 14   On August 30, 2023, the parties returned to court for a hearing on the State's motion to dismiss. Defendant was present in court. The trial court confirmed with postconviction counsel that defendant was proceeding on postconviction counsel's "amended" petition and that defendant's *pro se* petitions were stricken. The court reviewed the duties stated in Rule 651(c) and asked defendant whether defendant was "in agreement *** that [postconviction counsel] has done all of that on your behalf?" and defendant responded, "Yes." The court asked, and defendant answered:

>      "THE COURT: And are you in agreement that you wish for him
>
>      [(postconviction counsel)] to proceed on this so-called supplemental petition,
>
>      which I am treating as an amended postconviction petition, with a single issue

relating to the propriety of the arrest of you based upon a purported investigative

alert. Is that correct?

THE DEFENDANT: Yes.

THE COURT: You don't wish any other aspects or motions brought

forward by [postconviction counsel] on your behalf in connection with these

postconviction proceedings; correct?

THE DEFENDANT: No, correct."

¶ 15    The trial court proceeded to hear oral argument on the State's motion to dismiss. The

State again invited the court, in light of the split of authority, to view this case "in a silo on its

merit" and repeated the arguments in the written motion. The trial court issued its oral ruling on

the merits of the petition, granting the State's motion to dismiss.

¶ 16    This appeal followed.

¶ 17                                    ANALYSIS

¶ 18    On appeal, defendant argues that postconviction counsel provided an unreasonable level

of assistance because postconviction counsel removed "a procedurally necessary argument," that

defendant received ineffective assistance of appellate counsel by appellate counsel's failure to

raise the warrantless arrest/investigative alert claim on direct appeal, to preserve the warrantless

arrest/investigative alert issue for postconviction review. Initially, defendant also argued that the

trial court erred in granting the State's motion to dismiss the postconviction claim that

defendant's arrest pursuant to an investigative alert violated his constitutional rights; but

defendant subsequently withdrew that argument based on our supreme court's decision in *People

v. Clark*, 2024 IL 127838, ¶ 63, where our supreme court expressly rejected *Bass* and *Smith* and

held that the defendant's arrest pursuant to an investigative alert in *Clark* did not violate the

fourth amendment and did not violate the search and seizure clause of the Illinois Constitution. The court held that, "once it is accepted that *warrantless arrests* for felonies do not violate the Illinois Constitution, there is no basis to hold that arrests *pursuant to investigative alerts* violate the Illinois Constitution." (Emphases added.) *Clark*, 2024 IL 127838, ¶ 63. Therefore, only defendant's argument that defendant received unreasonable assistance of postconviction counsel remains before this court.

¶ 19    This is an appeal from an order granting the State's motion to dismiss defendant's amended petition for postconviction relief at the second stage of postconviction proceedings.

> "The Post-Conviction Hearing Act (Act) provides an avenue for individuals convicted of criminal offenses to challenge their convictions on grounds of constitutional violations. [Citation.] The Act sets forth three stages of review. [Citation.] If the circuit court does not dismiss the petition at the first stage, it advances to the second stage, where the State may file a motion to dismiss the petition. [Citations.] At the second stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. [Citation.]" *People v. Roland*, 2023 IL 128366, ¶ 25.

This court reviews an order dismissing a postconviction petition at the second stage *de novo*. *People v. Ealy*, 2024 IL App (1st) 221748, ¶ 35. "*De novo* consideration means that we perform the same analysis that a trial judge would perform." *Ealy*, 2024 IL App (1st) 221748, ¶ 35.

¶ 20    A defendant is not entitled to the sixth amendment right to effective assistance of counsel in postconviction proceedings, as they would be at trial. *People v. Nesbitt*, 2023 IL App (1st) 211301, ¶ 35. Defendants are entitled only to "reasonable assistance" in a postconviction

proceeding. *People v. Nesbitt*, 2023 IL App (1st) 211301, ¶ 35. Illinois Supreme Court Rule

651(c) (eff. July 1, 2017) "sharply limits the requisite duties of postconviction counsel." (Internal

quotation marks and citation omitted.) *Id.* ¶ 36.

> "Rule 651(c) provides that postconviction counsel [shall] file a certificate
> stating that he or she (1) consulted with the defendant to ascertain his contentions
> of deprivation of constitutional right, (2) examined record of the proceedings at
> the trial, and (3) amended the defendant's *pro se* petition, if necessary, to ensure
> that defendant's contentions are adequately presented. [Citation.] Strict
> compliance with Rule 651(c) is not required, rather substantial compliance is
> sufficient. [Citations.]" *People v. Collins*, 2021 IL App (1st) 170597, ¶ 30.

¶ 21    "[I]ssues that could have been raised on direct appeal, but were not, are considered

forfeited and, therefore, barred from consideration in a postconviction proceeding." *People v.*

*Youngblood*, 389 Ill. App. 3d 209, 214 (2009) (citing *People v. Blair,* 215 Ill. 2d 427, 443-44

(2005)). "[A] postconviction claim will not be forfeited where the alleged forfeiture stems from

the incompetence of appellate counsel." *Youngblood*, 389 Ill. App. 3d at 214-15. "When a

postconviction petitioner asserts claims that could have been raised on direct appeal, [they] can

avoid the procedural bar of forfeiture by casting [their] claims as ineffective assistance of

appellate counsel for failing to raise the issues on direct appeal." *People v. Williams*, 2024 IL

127304, ¶ 20 (citing *People v. Addison*, 2023 IL 127119, ¶ 23). "However, the claim of

ineffective assistance of appellate counsel must appear in the postconviction petition." *People v.*

*Lacy*, 407 Ill. App. 3d 442, 461 (2011). The failure to include a claim of ineffective assistance of

appellate counsel where a postconviction claim could have been raised on direct appeal, but was

not, results in waiver of that claim. *People v. Turner*, 187 Ill. 2d 406, 412-13 (1999) ("Counsel's

failure to amend the post-conviction petition to allege ineffective assistance of appellate counsel prevented the circuit court from considering the merits of petitioner's claims."). "[A]t a minimum, the duty to adequately or properly present [the] defendant's claims 'necessarily includes attempting to overcome procedural bars' that will otherwise defeat his claims. [Citation.] Postconviction counsel must try to meet procedural requirements in order to adequately advance defendant's claims under the Act." *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 38 (citing *People v. Perkins*, 229 Ill. 2d 34, 44 (2007)).

¶ 22     Our supreme court "has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit." *People v. Suarez*, 224 Ill. 2d 37, 47 (2007). Noncompliance with the duties in Rule 651(c), including the duty to make any amendments to the defendant's *pro se* petition that are necessary for an adequate presentation of the defendant's claims, "may not be excused on the basis of harmless error." *Id.* at 52.

> " 'The filing of a Rule 651(c) certificate gives rise to a rebuttable
> presumption that post-conviction counsel provided reasonable assistance.'
> [Citation.] 'It is defendant's burden to overcome this presumption by
> demonstrating his attorney's failure to substantially comply with the duties
> mandated by Rule 651(c).' [Citation.]" *Collins*, 2021 IL App (1st) 170597, ¶ 31,
> see also *People v. Hayes*, 2016 IL App (3d) 130769, ¶ 12 ("this presumption may
> be rebutted by the record").

"The defendant may do so by, *inter alia*, demonstrating that postconviction counsel did not make all necessary amendments to the *pro se* petition. [Citations.] This includes making amendments

that are necessary to overcome procedural bars. [Citation.]" *Addison*, 2023 IL 127119, ¶ 21. We review whether counsel substantially complied with Rule 651(c) *de novo*." *Collins*, 2021 IL App (1st) 170597, ¶ 31.

¶ 23    In this case, defendant admits the "investigative alert claim was forfeited." Defendant argues the record overcomes the presumption that postconviction counsel provided a reasonable level of assistance because the record demonstrates that postconviction counsel's amended petition removed defendant's *pro se* claim of ineffective assistance of appellate counsel, "which was necessary to avoid forfeiture as the claim[] could have been raised on direct appeal but [was] not," thereby "weakening" defendant's claims. Defendant argues that remand is required regardless of the merit of the claim because "it would be improper for this Court to affirm the circuit court's dismissal considering counsel's amendment which removed procedurally necessary language [defendant] had included in his *pro se* petition." Defendant also argues that defendant did not acquiesce to proceed only on the substantive claim that the trial court erred in denying the motion to suppress. Defendant argues that when the trial court admonished defendant as to how postconviction counsel wanted to proceed, and defendant agreed, defendant agreed to pursuing only the warrantless arrest claim and not the other substantive claims in the *pro se* petitions; but defendant did not acquiesce to the "form" of the warrantless arrest claim (as either a direct claim or a claim cast as an ineffective assistance of appellate counsel claim). Further, defendant argues, the strength of a claim of ineffective assistance of appellate counsel is immaterial because a postconviction claim of ineffective assistance of appellate counsel was a necessary procedure to avoid forfeiture.

¶ 24    In addition to arguing that defendant "acquiesced in the decision to proceed solely on the claim that the trial court erred by denying [defendant's] motion to suppress," the State further

responds that defendant has failed to rebut the presumption, raised by the filing of a Rule 651(c) certificate (which defendant admits is not being challenged), that postconviction counsel provided reasonable assistance. The State argues our supreme court's decision in *Addison*, 2023 IL 127119, is inapposite.

¶ 25    Initially, we reject the State's argument that defendant is not entitled to a remand because defendant allegedly acquiesced in the decision not to proceed with the ineffective assistance of appellate counsel claim. In this appeal, we agree with defendant, based on our review of the trial court's exchange with defendant, that defendant acquiesced at most to having just the warrantless arrest/investigative alert issue before the court and not the other substantive issues included in defendant's *pro se* petitions, which included claims that defendant is actually innocent; three separate instances of ineffective assistance of trial counsel; ineffective assistance of appellate counsel for failing to raise one of those instances of trial counsel's ineffectiveness on direct appeal; and in defendant's supplemental petition, that the trial court abused its discretion in denying defendant's motion to quash; and defendant received ineffective assistance of trial and appellate counsel when trial counsel failed to include the denial of the motion to quash in the motion for a new trial and appellate counsel failed to include the illegal arrest in defendant's direct appeal. We do not find from the trial court's exchanges with defendant that defendant acquiesced to how that issue would be presented to the court, where postconviction counsel should have "cast[] [the] claim[] as ineffective assistance of appellate counsel for failing to raise the issue[] on direct appeal." See *Williams*, 2024 IL 127304, ¶ 20 (citing *Addison*, 2023 IL 127119, ¶ 23). The trial court made clear that only one claim would be before the court but never discussed how defendant's claim would be presented to the court.

¶ 26    We find that *Addison* controls the outcome of this appeal and we reject the State's attempt to distinguish *Addison*. In *Addison*, the defendant filed a *pro se* postconviction petition that raised 15 issues and, "[i]n 14 of those, [the] defendant alleged that appellate counsel failed to raise the issue." *Addison*, 2023 IL 127119, ¶ 7. The petition proceeded to the second stage of postconviction proceedings, the trial court appointed counsel to represent the defendant, and the defendant's postconviction counsel filed an amended petition. *Id.* ¶ 8. Postconviction counsel's amended petition raised only five claims, and the "petition did not assert any claims of ineffective assistance of appellate counsel and nowhere alleged any way in which appellate counsel was ineffective." *Id.* Postconviction counsel filed a certificate pursuant to Rule 651(c) stating postconviction counsel had "made any amendments to [the] defendant's *pro se* petition necessary to adequately present [the defendant's] claims." *Id.*

¶ 27    At the hearing on the State's motion to dismiss, postconviction counsel "never once countered the State's assertion that [postconviction counsel] had failed to allege ineffective assistance of appellate counsel," and the trial court's only questions for postconviction counsel were about the State's forfeiture argument. The trial court granted the State's motion to dismiss. *Id.* ¶ 12. The trial court's oral and written rulings did not discuss the merits of the defendant's claims. *Id.* ¶¶ 10-12. The appellate court reversed and remanded on the ground postconviction counsel rendered unreasonable assistance by failing frame the defendant's claims "as ones of ineffective assistance of appellate counsel for failing to raise the claims on direct appeal." *Addison*, 2023 IL 127119, ¶ 14.

¶ 28    Our supreme court affirmed the appellate court. *Addison*, 2023 IL 127119, ¶ 44. Our supreme court rejected the State's argument that (1) the defendant failed to overcome the presumption of reasonable assistance that arose from the filing of the Rule 651(c) certificate

because "postconviction counsel was not required to pursue a meritless claim of ineffective assistance of appellate counsel," and the State's argument that (2) even if postconviction counsel provided unreasonable assistance, the defendant was not entitled to a remand absent a showing of prejudice. See *Addison*, 2023 IL 127119, ¶ 17.

¶ 29    The *Addison* court found that,

> "[w]e cannot hold that postconviction counsel provided reasonable assistance
> where she identified several claims that she believed were worth pursuing but did
> not make the necessary amendments to put the claims in their proper form. Worse
> than that, she *eliminated* the necessary allegations that defendant had included in
> the *pro se* petition." *Id.* ¶ 25.

In what we glean as the court's response to the State's argument that postconviction counsel was not required to pursue a meritless claim of ineffective assistance of appellate counsel, our supreme court found, "We fail to see how it can be reasonable assistance of counsel for an attorney to identify claims worth pursuing but then fail to shape them into proper form." *Addison*, 2023 IL 127119, ¶ 26.[1] The *Addison* court rejected the State's attempt to distinguish *Turner*, stating that our supreme court "was clear in *Turner* that the failure to allege ineffective assistance of appellate counsel when necessary to overcome a forfeiture was a violation of Rule 651(c)." *Addison*, 2023 IL 127119, ¶ 27 (citing *Turner*, 187 Ill. 2d at 412-13). The court also rejected the State's argument that a Rule 651(c) violation does not necessarily overcome the

---

[1]    Our supreme court signaled that at the third stage, a claim of ineffective assistance of appellate counsel for failing to raise a claim on direct appeal that is not itself meritorious may be insufficient to overcome forfeiture. See *Addison*, 2023 IL 127119, ¶¶ 29, 38 (discussing *People v. English*, 2013 IL 112890, *People v. Pabello*, 2019 IL App (2d) 170867, and *People v. Hotwagner*, 2015 IL App (5th) 130525).

presumption of Rule 651(c) compliance created by the filing of a certificate stating that postconviction counsel has complied with the rule.

¶ 30    Next, our supreme court held that, "Because counsel did not comply with Rule 651(c), our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit." *Addison*, 2023 IL 127119, ¶ 33. The court found that whether or not a Rule 651(c) certificate is filed is not determinative of whether a remand is required where the defendant has clearly demonstrated noncompliance with the rule. See *Addison*, 2023 IL 127119, ¶¶ 33-35 ("Once a petitioner has rebutted the presumption of reasonable assistance, he is in the same position as a petitioner in a case in which no certificate was filed and the record did not otherwise show compliance. *** [H]armless error analysis does not apply where compliance with Rule 651(c) is not shown ***."). The State argued that remand was not required in *Addison* because the trial court dismissed the petition on the merits rather than finding that the claims were forfeited. *Id.* ¶ 39. The court rejected that argument in part because, in *Addison*, it was "not possible to tell from [the] record that forfeiture played no part in the trial court's decision." *Addison*, 2023 IL 127119, ¶ 40. However, the *Addison* court also rejected the State's argument based on "*Turner*'s principal holding." *Id.* ¶ 41. The court reiterated *Turner*'s holding that "when appointed counsel does not adequately fulfill his or her duties under Rule 651(c) by shaping the claims into the appropriate legal form a remand is required regardless of whether the petition's claims have merit." *Addison*, 2023 IL 127119, ¶ 42.

¶ 31    In this case, the State argues *Addison* is distinguishable because in *Addison*, our supreme court relied on the fact postconviction counsel's failure to include the claim of ineffective assistance of appellate counsel "made the *pro se* petition worse by amending it" (*Addison*, 2023

IL 127119, ¶ 24), whereas in this case, postconviction counsel did not make defendant's petition "worse" but rather "put the ultimate claim squarely before the post-conviction court."

¶ 32     The State argues postconviction counsel improved defendant's chance for success because, in arguing the issue on the merits defendant could rely on changes in the law since the appeal, but the ineffectiveness of appellate counsel issue would be limited to the law at the time of the appeal which, the State argues, did not exist in defendant's favor. We disagree because if the trial court had agreed that defendant's arrest was illegal, the issue could be deemed forfeited because it could have been raised on direct appeal and there is no allegation of ineffective assistance of appellate counsel in postconviction counsel's amended petition.

¶ 33     Finally, the State notes that "the post-conviction court considered [defendant's] ultimate claim—that [the] Motion to Quash was wrongly denied—and rejected it;" therefore, "there can be no ineffective assistance of appellate counsel for failing to raise a futile [warrantless arrest/investigative alert] claim."

¶ 34     We granted the State's motion to cite *People v. Anderson*, 2025 IL App (1st) 231232-U, as additional authority. In *Anderson*, the defendant argued that postconviction counsel provided unreasonable assistance because they failed in their duty to examine the record of proceedings and to make amendments to the *pro se* petition necessary for an adequate presentation of the defendant's claim of ineffective assistance of counsel during plea proceedings. *Anderson*, 2025 IL App (1st) 231232-U, ¶¶ 12, 15. As to the latter, the defendant specifically argued that the defendant "needed to show that [the] decision to reject the plea bargain and go to trial would have been rational under the circumstances" but counsel "failed to make this argument." *Anderson*, 2025 IL App (1st) 231232-U, ¶ 16. On the former claim of unreasonable assistance, this court found that the "record shows that post-conviction counsel substantially complied with

[their] duty under Rule 651(c) to examine 'the record of the proceedings at the trial.' Ill. S. Ct. R. 651(c)." *Anderson*, 2023 IL App (1st) 231232-U, ¶ 14. On the latter claim of unreasonable assistance, the court found that the defendant failed "to rebut the presumption that post-conviction counsel provided him with reasonable assistance because nothing that counsel allegedly failed to do prevented [the defendant's] claims from being adjudicated on the merits. [Citation.]" *Anderson*, 2025 IL App (1st) 231232-U, ¶ 17. The *Anderson* court also found that *Addison* did not require it to remand the case because "*Addison* only applies where post-conviction counsel fails to substantially comply with his or her duties under Rule 651(c). [Citation.]" *Id.* ¶ 20. The court also reasoned that part of the rationale underlying the holding in *Addison* was " 'that the reviewing courts should not usurp the role of the circuit court by deciding matters that should be decided in the "first instance" by the circuit court.' [Citation.]" *Anderson*, 2025 IL App (1st) 231232-U, ¶ 20 (citing *Dear*, 2024 IL App (1st) 230032-U, ¶ 34). The *Anderson* court found that the concern about usurping the role of the trial court to decide matters in the first instance was not present in *Anderson* because the trial court in *Anderson* addressed the merits of the defendant's ineffective assistance claim. *Anderson*, 2025 IL App (1st) 231232-U, ¶ 20.

¶ 35    The State's motion to cite additional authority argues that "*Anderson*'s underlying analysis is instructive here, where, similar to *Anderson*, any actions taken or not taken by post-conviction [counsel] ultimately did not 'prevent' petitioner's ultimate claim from being addressed on the merits." The State also argues that defendant's reliance on *Addison* is misplaced because, like *Anderson*, "the issue here was decided in the 'first instance' by the circuit court, which considered – and rejected – post-conviction counsel's arguments regarding the *Bass*-based investigatory alert claim after a full hearing." Defendant responds to the State's motion by

arguing that the decision in *Anderson* is "contrary to established Illinois Supreme Court law" by ignoring "*Addison*'s holding that once a finding of unreasonable assistance is made, remand is required regardless of the claims' underlying merits." Defendant also argues that "the *Addison* court issued its opinion based on concerns of counsel's performance, not the role of reviewing courts in usurping the circuit courts' function."

¶ 36     First, we reject the State's argument that *Addison* does not apply because the failure to include a claim of ineffective assistance of appellate counsel for failing to raise the warrantless arrest/investigative alert issue on direct appeal actually helped defendant's chances of success in this postconviction proceeding. The merits of the claim actually in the petition are irrelevant to the determination of whether defendant received unreasonable assistance of postconviction counsel. *Addison*, 2023 IL 127119, ¶ 33. The State's argument would have this court ignore the fact that postconviction counsel's failure to include a claim of ineffective assistance of appellate counsel failed to remove the procedural bar of forfeiture[2], and our supreme court has stated clearly that "the failure to allege ineffective assistance of appellate counsel when necessary to

---

[2]     The Sate did not argue forfeiture in its motion to dismiss but we do not believe that fact would necessarily prevent the trial court from granting the motion to dismiss on that basis. At the first stage, "*res judicata* and waiver apply to claims in a postconviction petition, and they are valid bases for a trial court to dismiss a claim in a postconviction petition *sua sponte*. *People v. Blair*, 215 Ill. 2d 427, 442 [('trial courts may summarily dismiss postconviction petitions based on both *res judicata* and waiver.')]" *People v. Riley*, 2020 IL App (5th) 170419-U, ¶ 17. The same considerations should apply at the second stage, as long as the State has filed a motion to dismiss. *People v. Volkmar*, 363 Ill. App. 3d 668, 670 (2006) ("we find that the dismissal occurred during the second stage of the proceedings, when a *sua sponte* summary dismissal was not proper. At this stage of the proceedings, a dismissal can be granted only on the motion of the State."), see *People v. Burries*, 2016 IL App (5th) 140150-U, ¶ 44 (finding, regarding second stage postconviction proceeding, that the "defendant's arguments that his constitutional rights were violated fail because the arguments were either waived, barred by *res judicata,* improperly pleaded, or harmless beyond a reasonable doubt.").

overcome a forfeiture [is] a violation of Rule 651(c)." *Addison*, 2023 IL 127119, ¶ 27 (citing *Turner*, 187 Ill. 2d at 412-13). *Addison* also addressed an argument similar the State's argument in this case that a different result is warranted because postconviction counsel put the claim "squarely before the post-conviction court" and the trial court considered defendant's ultimate claim and rejected it. See *Addison*, 2023 IL 127119, ¶ 39 ("The State argues that a different result is required here because the court dismissed the petition on the merits rather than on the basis of forfeiture."). *Addison* found that argument flawed in part because it "does not sufficiently consider *Turner*'s principal holding." *Addison*, 2023 IL 127119, ¶ 41, see also *Turner*, 187 Ill. 2d at 417 ("To tolerate such inadequate representation would render the appointment of counsel in post-conviction proceedings nothing but 'an empty formality.' ").

¶ 37     The *Addison* court noted that it was

> "the holding [that it is inappropriate to consider the merits of the claims in the
> petition when counsel has not complied with Rule 651(c) by shaping the claims
> into the appropriate form] that this court quoted and discussed in *Suarez*.
> [Citation.] *Suarez* viewed *Turner* as one in a long line of cases holding that, when
> appointed counsel does not adequately fulfill his or her duties under Rule 651(c),
> a remand is required regardless of whether the petition's claims have merit."
>
> *Addison*, 2023 IL 127119, ¶ 42.

By asserting, at the second stage of postconviction proceedings, that there can be no ineffective assistance of appellate counsel for failing to raise a futile claim, the State's argument necessarily asks this court to consider the merits of defendant's claim. We may not. *Addison*, 2023 IL 127119, ¶ 42 ("a remand is required regardless of whether the petition's claims have merit").

¶ 38    Similarly, the State's reliance on *Anderson* in support of the argument that postconviction counsel did not render unreasonable assistance because "nothing that [postconviction] counsel allegedly failed to do prevented [defendant's] claims from being adjudicated on the merits" is misplaced. See *Anderson*, 2025 IL App (1st) 231232-U, ¶ 17 (finding the defendant failed to rebut the presumption that postconviction counsel provided reasonable assistance). In *Anderson*, postconviction counsel's alleged failures were failing to examine the record of the proceedings at trial and failing to amend the defendant's postconviction claim that plea counsel provided ineffective assistance of counsel by arguing that the defendant's decision to reject the plea and proceed to trial would have been rational. *Anderson*, 2025 IL App (1st) 231232-U, ¶¶ 12, 16. The *Anderson* court found that postconviction counsel substantially complied with the duty to examine the record. *Id.* ¶ 14. The court never determined whether the failure to amend the petition as was needed in that case violated Rule 651(c) because the court found that "[w]here the record demonstrates that the circuit court fully addressed [the defendant's] ineffective assistance of counsel claim on the merits, [the defendant] cannot show that his post-conviction counsel failed to make 'any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions.' Ill. S. Ct. R. 651(c)." *Anderson*, 2025 IL App (1st) 231232-U, ¶ 19. *Anderson* is distinguishable.

¶ 39    Unlike the alleged failure to comply with Rule 651(c) in *Anderson*, our supreme court has found that the failure that occurred in this case is a "routine amendment to the post-conviction petition which would have overcome the procedural bar of waiver." *Turner*, 187 Ill. 2d at 414. The *Turner* court also held that "in the case of post-conviction counsel's failure to overcome the procedural bar of waiver, the prejudice to petitioner is palpable." *Turner*, 187 Ill. 2d at 415. This court has found that where counsel fails to make a routine amendment to the postconviction

petition that would have overcome the procedural bar of forfeiture, counsel's actions amount to "a total failure of representation." *Schlosser*, 2017 IL App (1st) 150355, ¶ 3 (citing *People v. Schlosser*, 2012 IL App (1st) 092523, ¶¶ 22-25). The *Addison* court also described a failure of the type in this case as "a clear violation of Rule 651(c)" (*Addison*, 2023 IL 127119, ¶ 28) and found that the defendant, who was in the same situation presented in this case, "clearly rebutted the presumption of reasonable assistance because postconviction counsel failed to frame his claims as ineffective assistance of appellate counsel" (*Addison*, 2023 IL 127119, ¶ 34). Thus, whereas in *Anderson* the court may have had some latitude to determine whether, under the particular facts of that case, postconviction counsel's failures did not rebut the presumption of compliance with Rule 651(c) (nothing in this order should be construed as a statement on that question), in this case, our supreme court has expressly found that the failure at issue in this case is a clear violation of Rule 651(c) that rebuts the presumption of compliance created by the filing of a certificate. *Anderson* is, therefore, inapposite.

¶ 40    We also reject the State's argument that postconviction counsel cannot be found to have provided unreasonable assistance by failing to include a claim of ineffective assistance of appellate counsel because such an ineffective assistance claim would not have been successful. We make no findings as to the likelihood of success on the ineffective assistance of appellate counsel claim. Our supreme court rejected a similar argument in *Addison*. *Addison*, 2023 IL 127119, ¶ 26. The court relied on the fact that postconviction counsel found that the claims at issue "were worth pursuing" yet "failed to shape the claims into the proper form." *Addison*, 2023 IL 127119, ¶ 26. The "proper form" was to include an allegation of ineffective assistance of appellate counsel. *Id.* ¶ 23. Similarly, in this case, postconviction counsel found defendant's warrantless arrest/investigative alert claim "worth pursuing" because it was the only claim

counsel included in the amended petition. Yet, postconviction counsel's amended petition did not put that claim in "proper form." Pursuant to *Addison*, we cannot say this is "reasonable assistance of counsel." *Id.* ¶ 26.

¶ 41    Finally, we do not find that *Addison* stands for the proposition that a Rule 651(c) violation does not require remand when the trial court considers the substantive claim at issue "in the first instance." This would be akin to finding that a Rule 651(c) violation is subject to a harmless error analysis—a proposition our supreme court staunchly rejected in *Addison*. *Addison*, 2023 IL 127119, ¶¶ 33-35. The court held that because postconviction counsel did not comply with Rule 651(c), "our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit." *Addison*, 2023 IL 127119, ¶ 33. The *Addison* court cited *Suarez* in support of that position and quoted a portion of the holding in *Suarez* where the court found that it has " 'consistently declined the State's invitation to excuse noncompliance with the rule on the basis of harmless error. We have refused to address questions that are properly determined in the first instance by the circuit court.' " *Addison*, 2023 IL 127119, ¶ 33 (quoting *Suarez*, 224 Ill. 2d at 51-52).

¶ 42    The statement in *Suarez* concerning matters properly determined by the trial court in the first instance reflects the *Suarez* court's reliance on prior cases finding that the court should not speculate as to what the trial court would have done had postconviction counsel performed their duties under Rule 651(c). See *Suarez*, 224 Ill. 2d at 48 (discussing *Johnson*, 154 Ill. 2d 227 and *Turner*, 187 Ill. 2d 406). In *Johnson*, the court refused to speculate that had postconviction counsel fulfilled their duties the trial court would have dismissed the petition on grounds other than the ground caused by postconviction counsel's noncompliance (failure to attach supporting affidavits). *Suarez*, 224 Ill. 2d at 48 (citing *Johnson*, 154 Ill. 2d at 246). The *Turner* court,

following *Johnson*, refused to "speculate whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c)" where the State argued the claims in the petition lacked any merit. *Turner*, 187 Ill. 2d 415-16.

¶ 43    We reject the State's implication that our supreme court's case law creates an exception to the general rule, that where postconviction counsel has failed to comply with the requirements of Rule 651(c) remand is required without consideration of the merits of the petition, for cases in which the trial court addresses the merits of the claim in the petition. An exception such as that would be directly contradictory to our supreme court's statement in *Suarez*, repeated in *Addison*, that "[o]ur Rule 651(c) analysis has been driven, not by whether a particular defendant's claim is potentially meritorious, but by the conviction that where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized." *Suarez*, 224 Ill. 2d at 51, *Addison*, 2023 IL 127110, ¶ 33 (quoting *Suarez*). In *Turner*, our supreme court stated that,

> "it is improper to determine the merit of [a] petitioner's claims where [postconviction] counsel essentially did nothing to shape the petitioner's claims into the appropriate legal form. To tolerate such inadequate representation would render the appointment of counsel is post-conviction proceedings nothing but 'an empty formality.' [Citation.]" *Turner*, 187 Ill. 2d at 416-17.

¶ 44    In some instances, providing the trial court the opportunity to review a properly presented and supported claim is a reason not to engage in a harmless error analysis where counsel has failed to comply with Rule 61(c). *Johnson*, 154 Ill. 2d at 246 ("We cannot simply presume, however, that the trial court would have dismissed the petition without an evidentiary hearing if

counsel had adequately performed his duties under Rule 651(c). It is the duty of the trial court, and not this court, to determine on the basis of a complete record whether the post-conviction claims require an evidentiary hearing."). However, we do not find that our supreme court intended to create a rule that the trial court's consideration and rejection of the merits of claims in a postconviction petition is sufficient to forgive noncompliance with Rule 651(c). Our supreme court has been equally, if not more, concerned with honoring the right to counsel conferred by the Act. *Suarez*, 224 Ill. 2d at 51, *Turner*, 187 Ill. 2d at 417 (citing *People v. Garrison*, 43 Ill. 2d 121, 123 (1969) and *People v. Wilson*, 40 Ill. 2d 378, 381 (1968), for the proposition that "representation by appointed counsel in post-conviction proceedings must be more than mere 'tokenism' "). The State's argument, that the trial court's consideration of the issue merits a different outcome than that in *Addison*, fails.

¶ 45     The *Addison* court found in that case that the "defendant clearly rebutted the presumption of reasonable assistance because postconviction counsel failed to frame his claims as ineffective assistance of appellate counsel." *Addison*, 2023 IL 127119, ¶ 34. The *Addison* court affirmed the appellate court's order remanding the case for compliance with Rule 651(c) without considering whether the claims in the petition were meritorious. *Id.* ¶ 44. Similarly here, postconviction counsel failed to frame defendant's warrantless arrest/investigative alert claim as ineffective assistance of appellate counsel. Therefore, we must find in this case that defendant rebutted the presumption created by postconviction counsel's Rule 651(c) certificate and find that defendant received unreasonable assistance of counsel, and remand the case for compliance with Rule 651(c) and further second-stage proceedings. See *Addison*, 2023 IL 127119, ¶¶ 34, 44.

¶ 46                                CONCLUSION

¶ 47   For the foregoing reasons, the judgment of the circuit court of Cook County is vacated, and the case remanded for further proceedings.

¶ 48   Vacated and remanded.

¶ 49   PRESIDING JUSTICE VAN TINE, specially concurring:

¶ 50   I agree that *People v. Addison*, 2023 IL 127119, requires us to remand so defendant can assert a postconviction claim that counsel on direct appeal was ineffective for not arguing that defendant's arrest was unlawful. However, defendant has already conceded that his underlying unlawful arrest claim is meritless. *Supra*, ¶ 18. I write separately because I believe remanding for the trial court to address a stand-alone ineffective assistance claim is unnecessary when this court can determine that claim is meritless as a matter of law. Applying the rule of *Addison* to this case is impractical because defendant cannot prevail on remand.

¶ 51   This order remands to allow defendant to pursue a claim that counsel on direct appeal was ineffective. To establish ineffective assistance of appellate counsel, defendant must show that appellate counsel's performance was objectively unreasonable and prejudiced defendant. See *People v. Johnson*, 206 Ill. 2d 348, 378 (2002). We evaluate appellate counsel's effectiveness based on the state of the law at the time of defendant's direct appeal. *Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."); *People v. Cathey*, 2012 IL 111746, ¶ 26 ("[T]he relevant focus under *Strickland* is on the state of the law at the time of defendant's trial and appeal."); *People v. Macklin*, 2019 IL App (1st) 161165, ¶ 38 (representation pursuant to the prevailing law at the time is adequate and counsel is not required to predict that the law will change).

¶ 52    Defendant seeks to pursue a claim that appellate counsel was ineffective for not arguing that his warrantless arrest pursuant to an investigative alert was unlawful. Defendant filed his direct appeal on February 4, 2015, and this court resolved it on September 29, 2017. *Taylor I*, 2017 IL App (1st) 150726-U. During that time, no Illinois court had yet found that arrests pursuant to investigative alerts were unconstitutional. *Bass* was the first decision to do so, and this court decided *Bass* on July 25, 2019, almost two years after defendant's direct appeal. *People v. Bass*, 2019 IL App (1st) 160640, ¶ 71. There was no authority for appellate counsel to cite in support of a theory that defendant's arrest was unlawful because defendant was arrested pursuant to an investigative alert. On the contrary, the authority that existed at the time of defendant's direct appeal indicated that his arrest was supported by probable cause and, therefore, lawful. See *People v. McGee*, 2015 IL App (1st) 130367, ¶ 50 (affirming the denial of a motion to suppress where the facts that led to an investigative alert, including photo array identifications of the defendant, provided probable cause to arrest the defendant). Therefore, appellate counsel did not render ineffective assistance as a matter of law.

¶ 53    *Bass* was arguably the primary First District authority on arrests pursuant to investigative alerts between July and December 2019, when this court rejected *Bass* as wrongly decided in *People v. Braswell*, 2019 IL App (1st) 172810, ¶ 39. But during that five-month window, defendant's direct appeal was long over, and this case was in postconviction proceedings (*supra*, ¶¶ 7-8), so there was nothing appellate counsel could have done.

¶ 54    Even if we were to assess appellate counsel's effectiveness based on the current state of the law, defendant's claim would fail. Our supreme court has held that a warrantless arrest pursuant to an investigative alert is lawful if supported by probable cause. *People v. Clark*, 2024 IL 127838, ¶ 63. Defendant has conceded that his arrest was lawful under *Clark*. *Supra* ¶ 18.

¶ 55    Therefore, measured by the applicable law at any time, appellate counsel did not render ineffective assistance by not making the meritless argument that defendant's arrest was unlawful. See *People v. Johnson*, 206 Ill. 2d 348, 378 (2002) ("unless there is merit to petitioner's underlying claim, he can have suffered no prejudice from counsel's failure to raise it on direct appeal."). In my view, that means postconviction counsel did not render unreasonable assistance by not arguing appellate counsel's ineffectiveness. See *People v. Mohamed*, 2022 IL App (1st) 210189-U, ¶ 48.

¶ 56    Nevertheless, *Addison* requires remand for defendant to assert his ineffective assistance of appellate counsel claim even though that claim is meritless. The only purpose for that claim is to avoid forfeiture of the underlying unlawful arrest claim, which defendant is no longer pursuing because it too is meritless. *Supra*, ¶ 18. Applying *Addison* to this case will result in litigation on remand that is merely a formality and in which defendant cannot prevail.

¶ 57    Also, *Addison* addressed a procedural scenario different from this case. In *Addison*, the trial court advanced the defendant's *pro se* postconviction petition to the second stage because the court found that the petition stated the gist of a meritorious constitutional claim. *Addison*, 2023 IL 127119, ¶ 26. That is, there was reason to believe that defendant might prevail on remand. But here, defendant's *pro se* postconviction petition advanced to the second stage by default because the trial court did not rule on it within 90 days. *Supra*, ¶ 8. The trial court made no determination that the petition presented the gist of a meritorious claim. As discussed above, defendant has no meritorious claims as a matter of law. This case is more like *People v. Greer*, 212 Ill. 2d 192 (2004). In *Greer*, the supreme court explained that when a postconviction petition automatically advances to the second stage without review by the trial court, the petition "may well be frivolous

or patently without merit" and, if it is, postconviction counsel may seek leave to withdraw. *Greer*, 212 Ill. 2d at 204, 209-211.

¶ 58     But in this case, postconviction counsel did not seek leave to withdraw. Counsel believed that defendant's unlawful arrest claim was meritorious, so counsel had to try to save that claim from procedural default by framing it as an ineffective assistance of appellate counsel claim. See *Addison*, 2023 IL 127119, ¶ 25. Counsel did not make that effort, which is why I agree that *Addison* applies and requires remand even though that remand cannot result in a favorable outcome for defendant.